**FILED**
**JUNE 7, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Visits with: | ) | No. 38126-9-III |
| | ) | |
| W.D.C. & M.G.C.<sup>†</sup> | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| CAROL JEAN KOEHLER, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JENNIFER LILLIAN ANDERSON, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Carol Koehler appeals the superior court's dismissal of her

petition under chapter 26.11 RCW for nonparental child visitation. We affirm.


    <sup>†</sup> To protect the privacy interests of the minor children, we use their first and
last name initials throughout the body of this opinion. Gen. Order 2012-1 of Division III,
_In re Use of Initials or Pseudonyms for Child Victims or Child Witnesses_ (Wash. Ct. App.
June 18, 2012), https://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_
orddisp&ordnumber=2012_001&div=III.

No. 38126-9-III
*In re Visits with W.D.C. & M.G.C.*


FACTS

Ms. Koehler is the mother of Jennifer Anderson and the grandmother of Ms. Anderson's three boys, M.C., W.C., and T.C. Periodically throughout their lives, the boys and Ms. Anderson have lived with Ms. Koehler. In early 2020, all three boys lived with Ms. Koehler, without their mother, for about three months. One day during May 2020, Ms. Anderson came for a visit and without explanation took the two youngest boys, W.C. and M.C., with her. She then ceased all communication with Ms. Koehler.

In December 2020, Ms. Koehler petitioned Benton County Superior Court for visits with M.C. and W.C. At the time the petition was filed, M.C., W.C. and T.C. were respectively 12, 13, and 15 years of age. Ms. Koehler provided the following statement in her petition as to "why and how the children would be harmed" if visits were denied:

> [Ms. Anderson] has denied [M.C. and W.C.] any means to contact me or me to them. She is a long-haul truck driver that has left the home for long duration[s] at a time and the children haven't always attended school. [M.C. and W.C.] have told me about abuse they have endured from [Ms. Anderson's] boyfriend and they called Children service [sic] to request help in January and [Ms. Anderson] called me to come and take them at that time. Now they have no means to call for any help. I am the only one to advocate for them. I am concerned for their wellbeing. 'Are they hurt, hungry or alone?' They also have all of their other family here.

Clerk's Papers (CP) at 6.

2

Ms. Anderson responded and opposed the petition, averring that it was a way for Ms. Koehler to control her.

The superior court dismissed Ms. Koehler's petition for visits. Ms. Koehler then filed an unsuccessful motion for reconsideration. Ms. Koehler now appeals.

ANALYSIS

Chapter 26.11 RCW provides a narrow basis for nonparental relatives to petition for court-ordered visitation. The statute is designed to accommodate a parent's constitutional right to autonomy and to make decisions regarding their children's associations. Before subjecting a parent to an evidentiary hearing regarding visitation, a petitioning relative must make a threshold showing of likelihood of success on the merits. Among other things, the petitioner must convince the court that "[t]he child is likely to suffer harm or a substantial risk of harm if visitation is denied." RCW 26.11.020(1)(c); *see also* RCW 26.11.030(5)(b), (8).

The type of harm at issue in the nonparental child visitation statute is different from that generally applicable in child custody cases. *See In re Visits with A.S.A.*, No. 37890-0-III (Wash. Ct. App. Mar. 29, 2022), https://www.courts.wa.gov/opinions/pdf/378900_pub.pdf. The focus in the nonparental visitation statute is not on a custodial parent's potential harm to their children; the statute operates in the context of a

3

fit parent. RCW 26.11.040(2). The nonparental visitation statute instead looks to the relationship between the child and the relative filing the petition. *A.S.A.*, slip op. at 2, 8-9; *id*. at 12 (Pennell, J., concurring). To establish a right to visitation, a relative must show that the absence of contact between the relative and child is, by itself, a source of harm to the child. RCW 26.11.020(1)(c). "This is different from arguing that the custodial parent is causing harm." *A.S.A.*, slip op. at 9; *see id*. at 12 (Pennell, J., concurring).

We review for abuse of discretion a trial court's assessment of whether a petitioner for nonparental child visitation has met the threshold burden of establishing likelihood of success on the merits. *In re Visits with R.V.*, 14 Wn. App. 2d 211, 219, 470 P.3d 531 (2020).

Ms. Koehler's petition focuses on allegations of harm suffered by her grandchildren while in the custody of their mother. As noted, this is not the type of harm contemplated by the nonparental child visitation statute. If Ms. Koehler's grandchildren are being harmed while in the care of their mother, the law provides for other remedies. *See* ch. 13.34 RCW (dependency and termination); RCW 11.130.185-.260 (guardianship of minor). The nonparental visitation statute is not an available remedy in such circumstances.

Ms. Koehler indicates her grandchildren would "benefit from" regular visitation with her. CP at 77. This proffer may be true, but it is insufficient to meet the threshold burden of showing harm. Our case law makes clear that harm in the context of a nonparental child visitation petition means more than simply the absence of a benefit. *See Troxel v. Granville*, 530 U.S. 57, 63, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000) (plurality opinion). We are not permitted to intervene in a custodial parent's decisions simply because the parent could be making better choices for their children. Instead, intervention in the form of compulsory visitation requires proof "of harm to the child beyond that derived from the loss of the helpful, beneficial influence of " the child's relatives. *In re Marriage of Howard*, 661 N.W.2d 183, 190-91 (Iowa 2003).

Children are not well served by being forced into the middle of family conflict. *R.V.*, 14 Wn. App. 2d at 227. Because parents have a fundamental constitutional right to autonomy in bringing up their children, some degree of disruption is unavoidable in dissolution cases. But nonparental relatives do not enjoy this type of protection. Requiring a fit parent to provide visitation with a nonparental relative can be justified only in compelling circumstances, unrelated to allegations against the custodial parent. Because Ms. Koehler's petition did not allege the type of compelling circumstances required for court-ordered nonparental visitation, the superior court correctly dismissed the petition.

No. 38126-9-III
*In re Visits with W.D.C. & M.G.C.*

CONCLUSION

The orders on appeal are affirmed. Because Ms. Anderson has not participated in this appeal, we need not address any issues regarding attorney fees.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.

6